NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 25-1166

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

GASP, et al.,
*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

---

Petition for Review of Action of the U.S. Environmental Protection Agency

---

**RESPONSE TO PETITIONERS' MOTION
FOR SUMMARY VACATUR OR A STAY**

---

|  |  |
|---|---|
|  | ADAM GUSTAFSON |
|  | *Acting Assistant Attorney General* |
|  | ROBERT N. STANDER |
|  | *Deputy Assistant Attorney General* |
|  |  |
|  | RACHEL D. MARTINEZ |
|  | *Attorney* |
| Of Counsel: | Environment and Natural Resources Division |
|  | U.S. Department of Justice |
| ERIKA GERSTENBERGER | Post Office Box 7611 |
| *Attorney* | Washington, D.C. 20044 |
| U.S. Environmental Protection Agency | (202) 288-1951 |
|  | Rachel.Martinez@usdoj.gov |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

GLOSSARY ........................................................................................................ iii

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 2

      A.    Statutory and regulatory background ....................................................... 2

      B.    Air toxics standards for coke oven facilities .......................................... 2

ARGUMENT ......................................................................................................... 5

CONCLUSION ...................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Am. Petroleum Inst. v. EPA*,
  683 F.3d 382 (D.C. Cir. 2012) ................................................................... 5

*Off. of Thrift Supervision, Dep't of the Treasury v. Dobbs*,
  931 F.2d 956 (D.C. Cir. 1991) ................................................................... 5

*Pub. Citizen, Inc. v. FERC*,
  92 F.4th 1124 (D.C. Cir. 2024) .................................................................. 5

*Samma v. Dep't of Def.*,
  136 F.4th 1108 (D.C. Cir. 2025) ................................................................ 5

**Statutes**

5 U.S.C. § 553(b)(B) ..................................................................................... 2

42 U.S.C. § 7412(d)(1) .................................................................................. 2

42 U.S.C. § 7412(d)(6) .................................................................................. 3

42 U.S.C. § 7412(i)(3)(A) ............................................................................. 2

42 U.S.C. § 7607(d)(1) .................................................................................. 2

42 U.S.C. § 7607(d)(1)(C) ............................................................................ 2

42 U.S.C. § 7607(d)(3) .................................................................................. 2

**Federal Register**

89 Fed. Reg. 55684 (July 5, 2024) ................................................................ 3

90 Fed. Reg. 29997 (July 8, 2025) ................................................................ 3

ii

# GLOSSARY

CAA             Clean Air Act

EPA             Environmental Protection Agency

## INTRODUCTION

This case will soon be moot. Upon review of the information submitted since issuance of the Interim Final Rule, EPA now intends to sign a final action withdrawing the Interim Final Rule within fourteen days. Accordingly, the Court should stay its hand on deciding Petitioners' motion for summary vacatur or a stay.

Petitioners challenge a Clean Air Act interim final rule that extended compliance dates for coke oven facilities. After issuing the Interim Final Rule, EPA initiated a public notice and comment process, continued communications with industry stakeholders, and received feedback on the Interim Final Rule during a public hearing. After reviewing the information received, EPA does not believe the information before it establishes that the applicable air toxics standards would have been exceeded if the compliance dates had not been extended, regardless of whether facilities installed additional controls. Accordingly, EPA has determined that it is appropriate to withdraw the Interim Final Rule and intends to sign a final action withdrawing the Interim Final Rule within fourteen days of this filing.

Now that withdrawal is imminent, there will soon be no live controversy in front of the Court, and this matter will be moot. Accordingly, this Court should stay its hand in deciding Petitioners' motion that seeks the extraordinary relief of summary vacatur or a stay.

1

## BACKGROUND

### A. Statutory and regulatory background

The Clean Air Act ("Act") directs EPA to set emission standards for each category or subcategory of major sources and area sources of hazardous air pollutants (also known as air toxics). 42 U.S.C. § 7412(d)(1). And it requires EPA to establish a compliance date that provides for an existing source to comply "as expeditiously as practicable, but in no event later than 3 years after the effective date of such standard." *Id.* § 7412(i)(3)(A).

Generally, when EPA issues a rule concerning air toxics standards, EPA must first provide notice and an opportunity for public comment. 42 U.S.C. § 7607(d)(1)(C), (d)(3). However, the Clean Air Act recognizes a good-cause exception from this requirement. 42 U.S.C. § 7607(d)(1) (referencing 5 U.S.C. § 553(b)(B)). Good cause exists if the agency "finds (and incorporates the finding and a brief statement of reasons therefore in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(B).

### B. Air toxics standards for coke oven facilities

Coke oven facilities convert coal into coke—a necessary material to process iron and steel. *Economic Impact Analysis*, https://www.regulations.gov/document/ EPA-HQ-OAR-2002-0085-1629, at 4. Eleven coke manufacturing facilities are

2

subject to air toxic emissions standards. 90 Fed. Reg. 29997, 29999 (July 8, 2025). These standards apply to two of the source categories at coke oven facilities: the coke oven batteries themselves ("Coke Ovens"); and (2) pushing and quenching operations and battery stacks ("Pushing, Quenching, and Battery Stacks"). *Id.* at 29997.

In July 2024, EPA amended both the Coke Ovens and Pushing, Quenching, and Battery Stacks air toxics standards. 89 Fed. Reg. 55684 (July 5, 2024) ("2024 Rule"). The amendments set: (1) maximum achievable control technology standards to address previously unregulated emissions of air toxics from the Pushing, Quenching, and Battery Stacks source category; and (2) revised emissions standards based on new information regarding developments in practices, processes, and control technologies, pursuant to 42 U.S.C. § 7412(d)(6). *See id.*

On July 8, 2025, EPA published an interim final rule to extend compliance deadlines for four of the standards from the 2024 Rule. 90 Fed. Reg. 29997 ("Interim Final Rule"). The Interim Final Rule extended compliance deadlines, as outlined in the chart below:

| Standard | Compliance Date in the 2024 Rule | Extended Compliance Date in the Interim Final Rule |
|---|---|---|
| Maximum Available Control Technology Standards | January 6, 2026 | July 5, 2027 |
| Leak Limits for Doors, Lids, and Offtakes | January 5, 2026 | July 5, 2027 |

| Oven Door Requirements at Heat or Nonrecovery Facilities | July 7, 2025 | July 5, 2027 |
| --- | --- | --- |
| Fenceline Monitoring | July 7, 2025 | July 5, 2027 |

EPA solicited public comment and held a hearing on the Interim Final Rule. *See* Rulemaking Docket, https://www.regulations.gov/document/EPA-HQ-OAR-2003-0051-1985; *Public Hearing: Coke Ovens: Pushing, Quenching, and Battery Stacks and Coke Oven Batteries*, https://www.youtube.com/live/4S03DU0jSuo. And EPA continued to consult with industry stakeholders on compliance concerns. *See, e.g.*, *Email: EPA Meeting with SunCoke - 6.23.2025*, https://www.regulations.gov/ document/EPA-HQ-OAR-2003-0051-2001.

Upon review of the submissions EPA received since issuance of the Interim Final Rule, EPA does not believe that the information before it establishes that the applicable air toxics standards would have been exceeded if the compliance dates were not to have been changed, regardless whether facilities have initiated or completed installation of the additional controls that EPA believed could not be installed before the relevant compliance dates. Szabo Decl. at ¶ 10. Accordingly, EPA has determined that it is appropriate to withdraw the Interim Final Rule and allow the 2024 Rule compliance deadlines to remain in effect pending the Agency's broader reconsideration of the 2024 Rule. *Id.* at ¶ 9. EPA plans to sign a

final action to withdraw the Interim Final Rule within fourteen days that will explain the Agency's analysis and rationale. *Id.* at ¶ 10.

## ARGUMENT

This Court should stay its hand in deciding Petitioners' motion for extraordinary relief because this case will imminently become moot. *See generally Am. Petroleum Inst. v. EPA*, 683 F.3d 382 (D.C. Cir. 2012) (holding petition unripe where EPA was proceeding with a new rulemaking that may eliminate the need for judicial review). A case is moot where "there is no longer a live controversy between the parties." *Off. of Thrift Supervision, Dep't of the Treasury v. Dobbs*, 931 F.2d 956, 957 (D.C. Cir. 1991); *see also Samma v. Dep't of Def.*, 136 F.4th 1108, 1113 (D.C. Cir. 2025) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citation omitted)). Even where litigation poses a "live controversy when filed," a federal court must "refrain from deciding the dispute if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Samma*, 136 F.4th at 1113 (quoting *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127–28 (D.C. Cir. 2024)).

Here, this matter will imminently become moot. After reviewing the information EPA received since issuing the Interim Final Rule, EPA does not believe that the information before it establishes that the applicable air toxics

5

standards would have been exceeded absent the compliance date extensions. Szabo Decl. ¶ 10. Accordingly, EPA has now determined that it is appropriate to withdraw the Interim Final Rule and allow the 2024 Rule compliance deadlines to remain in effect, pending EPA's broader reconsideration of the 2024 Rule. *Id.* ¶ 9. Thus, EPA plans to sign a final action to withdraw the Interim Final Rule within fourteen days that will explain the Agency's analysis. *Id.* ¶ 10. That action will withdraw the Interim Final Rule, thereby reinstating the compliance deadlines set by the 2024 Rule. *Id.* The withdrawal will become immediately effective when published in the Federal Register. *Id.* At that time, EPA intends to promptly move to dismiss this case as moot if the parties are unable to agree to a stipulated dismissal.

Thus, the Interim Final Rule will soon no longer be in effect, and there will be no live controversy between the Parties for the Court to resolve. And with regard to Petitioners' motion, there will be nothing for the Court to vacate or stay.

## CONCLUSION

For the foregoing reasons, this Court should stay its hand and decline to decide Petitioners' motion.

DATED: September 18, 2025               Respectfully submitted,

                                        ADAM R.F. GUSTAFSON
                                        Acting Assistant Attorney General
                                        ROBERT N. STANDER
OF COUNSEL:                             *Deputy Assistant Attorney General*

ERIKA GERSTENBERGER                     */s/ Rachel D. Martinez*
Environmental Protection Agency         RACHEL D. MARTINEZ
Office of General Counsel               U.S. Department of Justice
1200 Pennsylvania Avenue, N.W.          Environmental Defense Section
Washington, D.C. 20460                  P.O. Box 7611
                                        Washington, D.C. 20044
                                        Phone: (202) 288-1951
                                        Email: Rachel.Martinez@usdoj.gov

                                        *Counsel for Respondents*

7

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,261 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: September 18, 2025

                                                                                */s/ Rachel D. Martinez*
                                                                                Rachel D. Martinez

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties who have registered with the Court's CM/ECF system.

Dated: September 18, 2025.

                                                                                */s/ Rachel D. Martinez*
                                                                                Rachel D. Martinez