NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 25-1166

_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

GASP, et al.,
*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

_____

Petition for Review of Action of the U.S. Environmental Protection Agency

_____

**STATUS REPORT AND MOTION TO DISMISS**

_____

<div style="margin-left:40%">

ADAM GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

RACHEL D. MARTINEZ
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
(202) 288-1951
Rachel.Martinez@usdoj.gov

</div>

Of Counsel:

ERIKA GERSTENBERGER
*Attorney*
U.S. Environmental Protection Agency

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

GLOSSARY ............................................................................................................... iv

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 1

    A.    Statutory and regulatory background .................................................... 1

    B.    Air toxics standards for coke oven facilities ........................................ 2

ARGUMENT ................................................................................................................. 4

CONCLUSION ............................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Ctr. for Science in the Pub. Interest v. Regan*,
  727 F.2d 1161 (D.C. Cir. 1984) ............................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ............................................................................4

*Mansfield, C. & L.M. Ry. Co. v. Swan*,
  111 U.S. 379 (1884) ............................................................................4

*Off. of Thrift Supervision, Dep't of the Treasury v. Dobbs*,
  931 F.2d 956 (D.C. Cir. 1991) ............................................................4

*Pub. Citizen, Inc. v. FERC*,
  92 F.4th 1124 (D.C. Cir. 2024) ..........................................................5

*Relf v. Weinberger*,
  565 F.2d 722 (D.C. Cir. 1977) ............................................................5

*Samma v. Dep't of Def.*,
  136 F.4th 1108 (D.C. Cir. 2025) ......................................................4, 5

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ..............................................................................4

**Statutes**

5 U.S.C. § 553(b)(B) ............................................................................1, 2

42 U.S.C. § 7412(d)(1) ............................................................................1

42 U.S.C. § 7412(d)(6) ............................................................................2

42 U.S.C. § 7412(i)(3)(A) ........................................................................1

42 U.S.C. § 7607(d)(1) ............................................................................1

42 U.S.C. § 7607(d)(1)(C) ......................................................................1

42 U.S.C. § 7607(d)(3) ...........................................................................1

42 U.S.C. § 7607(d)(6) ...........................................................................2

**Federal Registers**

89 Fed. Reg. 55684 (July 5, 2024) ..........................................................2

90 Fed. Reg. 29997 (July 8, 2025) .......................................................2, 3

90 Fed. Reg. 56010 (Dec. 5, 2025) ................................................. 3, 4, 5

## GLOSSARY

CAA            Clean Air Act

EPA            Environmental Protection Agency

# INTRODUCTION

This petition is now moot and should be dismissed. The United States Environmental Protection Agency ("EPA") rescinded the Interim Final Rule, effective immediately upon publication in the Federal Register on December 5, 2025. Accordingly, there is no live controversy between the parties and no relief the Court can grant. With no live controversy before this Court, this Court should dismiss the petition for review as moot.

# BACKGROUND

## A.     Statutory and regulatory background

The Clean Air Act ("Act") directs EPA to set emission standards for each category or subcategory of major sources and area sources of hazardous air pollutants (also known as air toxics). 42 U.S.C. § 7412(d)(1). And it requires EPA to establish a compliance date that provides for an existing source to comply "as expeditiously as practicable, but in no event later than 3 years after the effective date of such standard." *Id.* § 7412(i)(3)(A).

Generally, when EPA issues a rule concerning air toxics standards, EPA must first provide notice and an opportunity for public comment. 42 U.S.C. § 7607(d)(1)(C), (d)(3). However, the Clean Air Act recognizes a good-cause exception from this requirement. 42 U.S.C. § 7607(d)(1) (referencing 5 U.S.C. § 553(b)(B)). Good cause exists if the agency "finds (and incorporates the finding

and a brief statement of reasons therefore in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b)(B).

### B. Air toxics standards for coke oven facilities

Coke oven facilities convert coal into coke—a necessary material to process iron and steel. *Economic Impact Analysis*, https://www.regulations.gov/document/EPA-HQ-OAR-2002-0085-1629, at 4. Eleven coke manufacturing facilities are subject to air toxic emissions standards. 90 Fed. Reg. 29997, 29999 (July 8, 2025). These standards apply to two of the source categories at coke oven facilities: the coke oven batteries themselves ("Coke Ovens"); and (2) pushing and quenching operations and battery stacks ("Pushing, Quenching, and Battery Stacks"). *Id.* at 29997.

In July 2024, EPA amended both the Coke Ovens and Pushing, Quenching, and Battery Stacks air toxics standards. 89 Fed. Reg. 55684 (July 5, 2024) ("2024 Rule"). The amendments set: (1) maximum achievable control technology standards to address previously unregulated emissions of air toxics from the Pushing, Quenching, and Battery Stacks source category; and (2) revised emissions standards based on new information regarding developments in practices, processes, and control technologies, pursuant to 42 U.S.C. § 7412(d)(6). *See id.*

On July 8, 2025, EPA published an interim final rule to extend compliance deadlines for four of the standards from the 2024 Rule. 90 Fed. Reg. 29997 ("Interim Final Rule"). The Interim Final Rule extended compliance deadlines, as outlined in the chart below:

| Standard | Compliance Date in the 2024 Rule | Extended Compliance Date in the Interim Final Rule |
|---|---|---|
| Maximum Available Control Technology Standards | January 6, 2026 | July 5, 2027 |
| Leak Limits for Doors, Lids, and Offtakes | January 5, 2026 | July 5, 2027 |
| Oven Door Requirements at Heat or Nonrecovery Facilities | July 7, 2025 | July 5, 2027 |
| Fenceline Monitoring | July 7, 2025 | July 5, 2027 |

EPA solicited public comment and held a hearing on the Interim Final Rule. *See* Rulemaking Docket, https://www.regulations.gov/document/EPA-HQ-OAR-2003-0051-1985; *Public Hearing: Coke Ovens: Pushing, Quenching, and Battery Stacks and Coke Oven Batteries*, https://www.youtube.com/live/4S03DU0jSuo. And EPA continued to consult with industry stakeholders on compliance concerns. *See, e.g.*, *Email: EPA Meeting with SunCoke - 6.23.2025*, https://www.regulations.gov/ document/EPA-HQ-OAR-2003-0051-2001.

Upon review of the submissions EPA received, EPA determined that it was appropriate to rescind the Interim Final Rule. *See* 90 Fed. Reg. 56010, 56011 (Dec.

5, 2025). On October 2, 2025, EPA signed a final action to rescind the Interim Final Rule. *See* Doc. No. 2138757. This rescission became effective on December 5, 2025, when it was published in the Federal Register. 90 Fed. Reg. at 56010.

## ARGUMENT

This Court should dismiss the petition for review, because EPA has rescinded the Interim Final Rule. Federal courts are courts of limited jurisdiction and may exercise only powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (*quoting Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). A case is moot where "there is no longer a live controversy between the parties." *Off. of Thrift Supervision, Dep't of the Treasury v. Dobbs*, 931 F.2d 956, 957 (D.C. Cir. 1991); *see also Samma v. Dep't of Def.*, 136 F.4th 1108, 1113 (D.C. Cir. 2025) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citation omitted)).

Even where litigation poses a "live controversy when filed," a federal court must "refrain from deciding the dispute if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-

speculative chance of affecting them in the future." *Samma*, 136 F.4th at 1113 (quoting *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127–28 (D.C. Cir. 2024)). Notably, this Court has recognized that the withdrawal or rescission of an agency action generally renders a challenge to that action moot. *See, e.g.*, *Ctr. for Science in the Pub. Interest v. Regan*, 727 F.2d 1161, 1164–65 (D.C. Cir. 1984); *Relf v. Weinberger*, 565 F.2d 722, 727 (D.C. Cir. 1977).

Here, EPA rescinded the Interim Final Rule, and therefore this petition for review is moot. After reviewing the information EPA received following the issuance of the Interim Final Rule, EPA signed a final action that rescinded the Interim Final Rule on October 2, 2025. *See* Doc. No. 2138757; 90 Fed. Reg. at 56011. The rescission became immediately effective upon publication in the Federal Register, and so the Interim Final Rule is no longer in effect. 90 Fed. Reg. at 56010. Accordingly, there is no live controversy between the Parties for the Court to resolve. Nor can this Court provide any relief.

Counsel for EPA has conferred with all Parties in this matter. Petitioners oppose dismissal at this stage. Intervenor Respondents do not oppose the motion.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this petition for review as moot.

DATED: December 5, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER

OF COUNSEL:

*Deputy Assistant Attorney General*

ERIKA GERSTENBERGER
Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

*/s/ Rachel D. Martinez*
RACHEL D. MARTINEZ
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Phone: (202) 288-1951
Email: Rachel.Martinez@usdoj.gov

*Counsel for Respondents*

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1055 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: December 5, 2025

*/s/ Rachel D. Martinez*
Rachel D. Martinez

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties who have registered with the Court's CM/ECF system.

Dated: December 5, 2025.

*/s/ Rachel D. Martinez*
Rachel D. Martinez